**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 09-00863 JSW |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR BILLS OF PARTICULARS** |
| v. | |
| SCOTT ERIC FEIL, et al., | |
| Defendants. | |

Now before the Court for consideration are the Motions for Bills of Particulars filed by Steven Arthur Swanson ("Mr. Swanson") and Diana Evangeline Feil ("Ms. Feil"). Defendants Thomas Lee Carter ("Mr. Carter") and Scott Eric Feil ("Ms. Feil") join in those motions. Having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument. The motion hearing set for April 22, 2010 is converted to a status conference, and, for the reasons set forth herein, the Court GRANTS IN PART AND DENIES IN PART the motions.

**BACKGROUND**

On August 27, 2009, the Grand Jury returned an eighteen count Indictment against Mr. Feil, Ms. Feil, Mr. Swanson, Mr. Carter, and Brett Bassignani ("Mr. Bassignani") (collectively "Defendants"). (*See* Docket No. 18.)

In Count One, Mr. and Ms. Feil, Mr. Swanson and Mr. Bassignani are charged with Conspiracy to Possess With Intent to Distribute and Distribute Marijuana. In Count Two, Mr. Carter and Mr. Bassignani are charged with Conspiracy to Possess with Intent to Distribute and

1  Distribute Marijuana.  In Counts Three through Six, Mr. Bassignani, Mr. Carter, Mr. Feil, Ms.
2  Feil, and Mr. Swanson are charged with Possession with Intent to Distribute and Distribution of
3  Marijuana.[1]  In Count Seven, Mr. and Ms. Feil and Mr. Swanson are charged with Conspiracy
4  to Launder Money.  In Counts Eight through Eighteen, Mr. and Ms. Feil and Mr. Swanson are
5  charged with Engaging in Monetary Transactions in Property Derived from Specified Unlawful
6  Activity.[2]  The Indictment also includes two forfeiture allegations, the first of which is asserted
7  against all Defendants and the second of which is asserted against Mr. and Ms. Feil and Mr.
8  Swanson.

9  The Court shall address additional facts as necessary in its analysis.

## ANALYSIS

**A.  Applicable Legal Standard.**

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the filing of a bill of particulars."  "The bill of particular serves three functions: 'to inform the defendant of the nature of the charges with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his conviction or acquittal in bar of another prosecution for the same offense when the indictment is too vague, and indefinite for such purposes.'"  *United States v. Geise*, 597 F.2d 1170, 1180-81 (9th Cir. 1979) (quoting *United States v. Birmley*, 529 F.2d 103, 108 (9th Cir. 1976)); *see also United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984) ("The purposes of a bill of particulars are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense.").

However, a defendant may not use a motion for a bill of particulars to obtain full discovery of the Government's evidence.  *Geise*, 597 F.2d at 1181 (concluding court did not abuse its discretion in denying motion for bill of particulars seeking "when, where and how" of

---

[1]  Mr. Bassignani and Mr. Carter are named in Count Three with an offense date of May 10, 2006.  Mr. Carter is named in Count Four, Mr. and Ms. Feil are named in Count Five, and Mr. Swanson is named in Count Six, and each count refers to an offense date of August 18, 2009.

[2]  Ms. Feil is named in Counts Eight, Thirteen and Fourteen.  Mr. Feil is named in Counts Nine through Twelve.  Mr. Swanson is named in Counts Fifteen through Eighteen.

2

every act in furtherance of a conspiracy, when indictment and discovery provided defendant with information sufficient to meet purposes of a bill of particulars); *see also United States v. Yeargain*, 314 F.2d 881, 882 (9th Cir. 1963) ("A defendant is not entitled to know all the evidence the government intends to produce, but only the government's theory of the case."). Further, when a court is considering whether to order a bill of particulars, it "should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1984).

**B.     The Motions Are Granted in Part and Denied in Part.**

**1.     Timeliness.**

The Government opposes the motions, in part, on the basis that they are untimely. At the time the Indictment was filed, Rule 7 required a motion for a bill of particulars to be made within ten days after arraignment or "at a later time if the Court permits." In light of the history of this case, and in light of the Court's expressed expectations that the parties would address the need for any pretrial motions in their joint status reports, the Court shall consider the motions timely and will evaluate them on their merits.

**2.     The Conspiracy Counts: Counts One, Two and Seven.**

Count One of the Indictment, which is asserted against Mr. and Ms. Feil, Mr. Swanson and Mr. Bassignani, alleges that:

> Beginning on a date unknown to the Grand Jury, but no later than in or about 2002, and continuing to on or about August 18, 2009, both dates being approximate and inclusive, in the Northern District of California, and elsewhere, the defendants ... did knowingly and intentionally conspire with each other and with others unknown to the Grand Jury to possess with intent to distribute and to distribute a Schedule I controlled substance, to wit: 1,000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)(vii).

(Indictment at 1:25-2:8.)

Count Two of the Indictment, which is asserted against Mr. Carter and Mr. Bassignani, alleges that:

3

United States District Court
For the Northern District of California

> Beginning on a date unknown to the Grand Jury, but no later than on or about May 10, 2006, and continuing to on or about August 18, 2009, both dates being approximate and inclusive, in the Northern District of California, and elsewhere, the defendants ... did knowingly and intentionally conspire with each other and with others unknown to the Grand Jury to possess with intent to distribute and to distribute a Schedule I controlled substance, to wit: 1,000 or more marijuana plants, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)(vii).

(*Id.* at 2:11-19.)

Count Seven of the Indictment, which is asserted against Mr. and Ms. Feil and Mr. Swanson, alleges that:

> Beginning on a date unknown to the Grand Jury, but no later than in or about 2004, and continuing until on or about March 23, 2007, the defendants ... did knowingly and intentionally conspire with each other, and with persons known and unknown, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956(h), to wit: to knowingly engage and attempt to engage, in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the deposit, withdrawal, transfer, and exchange of U.S. currency, funds, and monetary instruments, such property having been derived from a specified unlawful activity, that is, conspiracy to distribute and to possess with intent to distribute narcotics, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, in violation of Title 18, United States Code, Section 1957(a).

(*Id.* at 3:23-4:8.)

Mr. Swanson sets forth ten (10) requests for particulars with respect to each of these counts, and Ms. Feil sets forth eight (8) requests for particulars with respect to Counts One and Seven. Those requests include, but are not limited to, the identification of specific overt acts, the time and circumstances under which, and the words and conduct by means of which they are alleged to have joined the conspiracies, the identification of unindicted co-conspirators, and whether the conspiracy alleged in the indictment comprises one "encompassing conspiracy or several separate and distinct conspiracies...." (*See* Swanson Mot. at 1:28-3:16; Feil Mot. at 1:27-3:6.)

The Government argues that the Indictment, in combination with the discovery provided to date, is sufficient to inform defendants of the charges and of the Government's theory of the case. Upon review of the Complaints, the Indictment, and the documents submitted as Exhibits

4

A and B to the Declaration of Arvon Perteet in opposition to the motions, the Court is not entirely persuaded by the Government's argument.

The alleged conspiracy, or conspiracies, spans a period of three to seven years. Moreover, according to Mr. Swanson, the Government has produced over 70,000 pages of discovery, and it is not clear to the Court that all discovery disputes between the parties have been resolved. (Declaration of Shari L. White at 1:22-23; *see also* Docket No. 110 (Minute Order setting further discovery conference).) In light of these facts, the Court concludes that Defendants are entitled to a bill of particulars, "although not to the extent sought by the motions." *United States v. Chen*, 2006 WL 3898177 at *3 (N.D. Cal. Nov. 9, 2006) (granting, in part motion for bill of particulars, with respect to conspiracy count where Defendant provided evidence that discovery encompassed over 150,000 pages of documents and approximately 111,250 TIFF images, 1,250 photographs, 5,800 minutes of audio recordings, and 900 minutes of video surveillance); *see also United States v. Wong*, 2007 WL 404807 (N.D. Cal. Feb. 2, 2007) (same).

In general, a bill of particulars is not warranted to obtain the names of co-conspirators, the exact nature of overt acts, or the precise timing of the alleged conspiracy. *See United States v. DiCesare*, 765 F.2d 890, 897-98 (9th Cir. 1985); *Geise*, 597 F.2d at 1181. In light of the facts set forth above, however, the Court concludes that the Government should be required to identify the Defendants' overt acts in support of the alleged conspiracy, or conspiracies. In addition, the Court finds that the Defendants are entitled to know whether the Government views the conspiracy alleged in the indictment to be "one encompassing conspiracy or several separate and distinct conspiracies." The Court also concludes that, based on this record, the Defendants are entitled to further particulars on the "manner in which [they] and each alleged co-conspirator, whether or not named in the indictment, contributed to the charged conspiracy" or conspiracies, and the times and places of such participation. *See, e.g., Chen*, 2006 WL 3898177 at *4. Therefore, the Court grants Mr. Swanson's request numbered 5, 6 and 8, and grants Ms. Feil's requests numbered 2 and 6. These rulings apply to all Defendants who have joined in the motion and who are named in these Counts.

However, the Court concludes that the Defendants are not entitled to details on "the circumstances under which, and the words or conduct by means of which" they and every other alleged co-conspirator entered into the alleged conspiracies. (Swanson Mot. at 2:10-17.) Therefore, the Court denies Swanson's requests numbered 1-4, 7, and 9-10 and denies Feil's requests numbered 1, 3-5 and 7-8. *See Chen*, 2006 WL 3898177 at *3.

### 3. Counts Three and Four.

In joining the motions for bills of particulars, Mr. Carter states that he moves for a bill of particulars on Counts Three and Four. He does not identify the nature of the information sought, and those counts are sufficiently detailed as to the date and location of the offenses and the amount of drugs involved. Accordingly, his motion is denied in part on that basis.

### 2. Counts Eight Through Eighteen.

Ms. Feil seeks a Bill of Particulars only with respect to Counts Nine through Twelve and Counts Fifteen through Eighteen. Although the introductory paragraph to those counts refers to Mr. and Ms. Feil and Mr. Swanson, the Government has specified which count is applicable to each of these three defendants, identifies the date of the offense, the amount and nature of the financial transaction. (*See* Indictment at 4:23-5:27.) It is clear from this chart that Ms. Feil is not charged in Counts Nine through Twelve or in counts Fifteen through Eighteen, and the Court denies, in part, her motion on that basis. Similarly, Mr. Swanson moves for a Bill of Particulars as to Counts Eight through Fourteen. However, according to the Indictment, he is not charged in those counts. Accordingly, the Court denies, in part, his motion on that basis. Finally, Mr. Feil offers no substantive argument in his request to join in the motions filed by Ms. Feil and Ms. Swanson. Thus, to the extent he seeks greater detail with respect to Count Eight and Counts Thirteen through Eighteen, his motion is denied on the basis that he is not charged in those counts.

### 3. Forfeiture Allegations.

"A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute. The

6

1  notice should not be designated as a count of the indictment or information. The indictment or
2  information need not identify the property subject to forfeiture or specify the amount of any
3  forfeiture money judgment that the government seeks." Fed. R. Crim. P. 32.2(a).

4          The forfeiture allegations state, in relevant part, that upon conviction of any of the
5  offenses alleged in Counts One through Six or Eight through Eighteen, the Defendants "shall
6  forfeit to the United States all right, title, and interest in property constituting and derived from
7  any proceeds obtained, directly or indirectly, as a result of said violations, and any property
8  used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of
9  the said violations, including, but not limited to" sixteen to eighteen specified items of real and
10  personal property. (Indictment at 6:6-9:20.)

11          Ms. Feil and Mr. Swanson request a bill of particulars on these counts detailing: (1) the
12  specific conduct constituting use or intended use of the listed properties to commit or facilitate
13  the drug violations charged in the Indictment; (2) the specific transaction(s) or payment(s) of
14  proceeds alleged to have been derived from the drug violations charged in the Indictment in the
15  listed properties, including the date, time, place, and nature of the transactions and/or payments;
16  (3) the manner in which the Government alleges the listed property in the Indictment was
17  involved in Counts Eight through Eighteen such that they are forfeitable, as to each property,
18  including the date, time, place, and nature of the alleged involvement; and (4) a complete list of
19  the property that the Government alleges is forfeitable. (Feil Mot. at 3:10-21; Swanson Mot. at
20  3:26-4:12.)

21          With respect to the first three requests, the Government argues that the seizure warrants
22  attached to the Perteet Declaration are sufficient to apprise the Defendants of the Goverment's
23  theory on how and why the property listed in the Indictment is subject to forfeiture. The Court
24  agrees and, therefore, denies the motions with respect to Mr. Swanson's requests numbered 12-
25  14 and Ms. Feil's requests numbered 10-12.

26          Relying on *United States v. Grammatikos*, 633 F.2d 1013 (2d Cir. 1980) and *United
27  States v. Rupley*, 706 F. Supp. 751 (D. Nev. 1989), the Government also argues that the
28  Indictment is not required to allege all items of property that might be subject to forfeiture and

7

1  that it sufficiently advises them of the prospect of forfeiture. Defendants cite no authority in
2  support of their request and have not addressed the Government's argument on reply. Although
3  it addresses former Rule 7(c)(2), when read in conjunction with the plain language of Rule
4  32.2(a), the Court finds the reasoning of *Rupley* persuasive. Therefore, the Court denies the
5  motions with respect to Mr. Swanson's request number 15 and Ms. Feil's request number 13.

## CONCLUSION

For the foregoing reasons, Defendants' motions for bills of particulars are GRANTED IN PART AND DENIED IN PART. The Government shall provide the Bill of Particulars called for by this Order by no later than April 29, 2010. If the Government requires additional time, it must submit a request to the Court demonstrating good cause for any extension. This matter remains on calendar on April 22, 2010, and the parties shall be prepared to address whether the time between the entry of this Order, that date, and any future appearance should be excluded from the Speedy Trial Act calculation.

**IT IS SO ORDERED.**

Dated: April 15, 2010

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE