United States District Court
For the Northern District of California

**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT ERIC FEIL,<br>DIANA EVANGELINE FEIL,<br>STEVEN ARTHUR SWANSON, and<br>MARK GARCIA,<br><br>Defendants. | No. CR 09-00863-1 JSW<br>No. CR 09-00863-2 JSW<br>No. CR 09-00863-3 JSW<br>No. CR 09-00863-6 JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR BILLS OF PARTICULARS RE SUPERSEDING INDICTMENT** |

Now before the Court for consideration are the Motions for Bills of Particulars filed by Scott Eric Feil ("Mr. Feil") (Docket No. 223), Diana Evangeline Feil ("Ms. Feil") (Docket No. 225), Steven Arthur Swanson ("Mr. Swanson") (Docket No. 210), and Mark Garcia ("Mr. Garcia") (Docket No. 224). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument. The motion hearing set for October 28, 2010, is converted to a status conference, and the parties shall submit a joint status report by no later than October 25, 2010.

For the reasons set forth herein, the Court GRANTS IN PART AND DENIES IN PART the motions.

//

//

//

# BACKGROUND[1]

On July 22, 2010, the Grand Jury returned a Superseding Indictment against the Defendants. In Count 1, the Government charges Mr. and Ms. Feil, Mr. Garcia, and Mr. Swanson with one count of conspiracy to possess with intent to distribute and distribute marijuana, in violation of 21 U.S.C. § 846. In Count Two, the Government charges Mr. and Ms. Feil and Mr. Garcia with conspiracy to possess with intent to distribute and distribute marijuana, also in violation of 21 U.S.C. § 846. In Counts 20 and 21, the Government charges Mr. Feil with filing false tax returns, in violation of 26 U.S.C. § 7206(1). In Counts 22 and 23, the Government charges Mr. Swanson with tax evasion, in violation of 26 U.S.C. § 7201. The Superseding Indictment also includes two forfeiture allegations, the first of which is asserted against all Defendants and the second of which is asserted against Mr. and Ms. Feil and Mr. Swanson.

# ANALYSIS

**A.  Applicable Legal Standard.**

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the filing of a bill of particulars." "The bill of particular serves three functions: 'to inform the defendant of the nature of the charges with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his conviction or acquittal in bar of another prosecution for the same offense when the indictment is too vague, and indefinite for such purposes.'" *United States v. Geise*, 597 F.2d 1170, 1180-81 (9th Cir. 1979) (quoting *United States v. Birmley*, 529 F.2d 103, 108 (9th Cir. 1976)); *see also United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984) ("The purposes of a bill of particulars are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense.").

---

[1] The Court previously set forth the facts underlying this action in its Amended Order granting in part and denying in part Defendants' motions for Bills of Particulars relating to the original indictment and shall only repeat those facts necessary to resolve the pending motions. (*See* Docket Nos. 111, 112.)

A defendant may not use a motion for a bill of particulars to obtain full discovery of the Government's evidence. *Geise*, 597 F.2d at 1181 (concluding court did not abuse its discretion in denying motion for bill of particulars seeking "when, where and how" of every act in furtherance of a conspiracy, when indictment and discovery provided defendant with information sufficient to meet purposes of a bill of particulars); *see also United States v. Yeargain*, 314 F.2d 881, 882 (9th Cir. 1963) ("A defendant is not entitled to know all the evidence the government intends to produce, but only the government's theory of the case."). Further, when a court is considering whether to order a bill of particulars, it "should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1984).

**B.     The Motions Are Granted, in Part, and Denied, in Part.**

**1.     Count One and the First Forfeiture Allegation.**

The Superseding Indictment added Mr. Garcia as a defendant to Count 1 and to the first Forfeiture allegation, and he is the only defendant to move for a bill of particulars as to these charges. The Court previously granted in part and denied in part motions for bills of particulars directed to Count 1 and to the forfeiture allegations. Accordingly, Mr. Garcia's motion is granted, in part, for the reasons set forth in the Court's Orders dated April 15, 2010 as to Count 1, and to the extent the Court granted the co-defendants' motions in those orders. The Government shall supplement its previously filed bill of particulars with respect to Count 1, as to Mr. Garcia, or shall certify that no supplementation is necessary.

Although the Court denied the earlier motions for bills of particulars that were directed to the forfeiture allegations, Mr. Garcia contends that the assets listed in the Superseding Indictment are neither his nor were they seized from him. The Court finds good cause to grant, in part, Mr. Garcia's request for a bill of particulars on this issue. If there are specific assets that belong to or were seized from Mr. Garcia that Government intends to forfeit, it must provide a bill of particulars as to those assets. In all other respects, the Court denies Mr.

3

1 Garcia's motion for a bill of particulars on the forfeiture allegations for the reasons set forth in
2 the April 15, 2010 Orders.

**2.    Count 2.**

In Count 2, the Government alleges that "[b]eginning on a date unknown to the Grand Jury, but no later than in or about February 2009, and continuing to on or about September 9, 2009, both dates being approximate and inclusive, in the Northern District of California, and elsewhere," Mr. and Ms. Feil and Mr. Garcia, "did knowingly and intentionally conspire with each other and with others unknown to the Grand Jury to possess with intent to distribute and to distribute a Schedule I controlled substance, to wit: 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana...." (Superseding Indictment at 2:11-19.)

The Government states in its opposition brief that this alleged conspiracy relates to a marijuana dispensary in San Diego, California, the Beneficial Caregivers Collective, and contends that Mr. and Mrs Feil and Mr. Garcia worked for this dispensary. Unlike the conspiracy alleged in Count 1, the conspiracy at issue in Count 2 spans seven months. The Government now has produced over 100,000 pages of discovery. However, it is apparent that ongoing discovery disputes remain. Given the amount of discovery involved in this case, and notwithstanding the shorter duration of the alleged conspiracy, the Court concludes that Defendants are entitled to the same particulars the Court ordered with respect to Count 1 of the original indictment. *See United States v. Chen*, 2006 WL 3898177 at *3 (N.D. Cal. Nov. 9, 2006) (granting, in part motion for bill of particulars, with respect to conspiracy count where Defendant provided evidence that discovery encompassed over 150,000 pages of documents and approximately 111,250 TIFF images, 1,250 photographs, 5,800 minutes of audio recordings, and 900 minutes of video surveillance); *see also United States v. Wong*, 2007 WL 404807 (N.D. Cal. Feb. 2, 2007) (same).

Accordingly, the motions are granted, in part, with respect to Count 2.

**3.    The Tax Counts - Counts 20-23.**

1    The Government alleges that Mr. Feil "reported no income or expenses from United
2 Medical Caregiver's Clinic, whereas, he then and there well knew and believed his income and
3 expenses related to United Medical Caregiver's Clinic was in excess of the amount reported...."
4 (Superseding Indicment at 6:24-27, 7:7-10.)  Mr. Feil asks for an order that directs the
5 Government to provide particulars as to the amounts of unreportable income, the "dates,
6 amounts, character and source of the income/expenses from UMCC," and which entries on the
7 tax returns allegedly are false.  (*See* Docket No. 223 (S. Feil. Mot. for Bill of Particulars at
8 4:20-5:3).)

9    The Government alleges that Mr. Swanson "willfully attempt[ed] to evade and defeat a
10 part of the income tax due and owing by him to the United States," by stating that his taxable
11 income for the year 2006 was $119,376 and that his taxable income for the year 2007 was
12 $170,384, when in fact "he then and there knew, his taxable income for" those years "was the
13 sum of the amount he reported plus the amount he had been paid in the form of cashier's checks
14 and failed to report...."  (*See id.* at 7:12-8:10.)  Mr. Swanson asks for an order that directs the
15 Government to provide the following particulars: (1) the specific entries on each individual tax
16 return that are allegedly false; (2) the method of proof on which the Government will to prove
17 its case; (3) the date, amount, character, and source of Mr. Swanson's allegedly unreported
18 income, as well as the numbers, dates, and amounts of the checks Mr. Swanson allegedly
19 distributed to himself and did not report; and (4) whether the Government will rely on
20 omissions or understatements of reportable income from other years, and, if so, the source of
21 such omitted or understated income.  (Docket No. 210 (Swanson Mot. for Bill of Particulars at
22 1:27-2:22).)

23    The Court finds good cause to grant, in part, Mr. Feil's and Mr. Swanson's requests.
24 "[D]ue to the complex nature of tax evasion cases, several methods of proof have been
25 developed," including the specific items method, net worth method, and bank deposit or
26 expenditures method.  *United States v. Manfredi*, 628 F. Supp. 2d 608, 635-636 (W.D. Pa.
27 2009); *see also United States v. Goldstein*, 56 F.R.D. 52, 55 (D. Del. 1972).  As the *Goldstein*
28 court noted, each of these three methods of proof "entails proof of certain operative facts," and

5

1  [i]f the defendant is not aware of the particular method the Government will use, of necessity he
2  must prepare a defense appropriate to each method of proof." *Id.* Considering the complexity
3  of this case and the voluminous amount of discovery, the Court shall require the Government to
4  disclose the method of proof it intends to use. *Id.* The Court also finds good cause to grant
5  some, but not all, of the additional particulars requested by Messrs. Feil and Swanson.

6  Accordingly, the Government shall provide the following particulars: (1) the method of
7  proof on which the Government intends to rely at trial; (2) if the Government relies on a theory
8  of omission, the Government shall identify the omissions with specificity; (3) if the
9  Government relies on the net worth method of proof, it shall state what it contends that each
10 defendant's net worth was at the beginning and the end of 2006 and 2007; (3) the specific
11 entries or portions of the tax returns for the years 2006 and 2007 that are allegedly false; and (4)
12 the date, amount, character and source of the income Messrs. Feil and Swanson each allegedly
13 received but did not report. The Court denies Mr. Swanson's request for the "numbers, dates,
14 and amounts of the checks [he] is alleged to have distributed to himself and failed to report," on
15 the basis that it is a request for the Government's evidence.

16 Mr. Swanson also asks that the Court require the Government to state whether it "will
17 rely on omissions or understatements of reportable income from other years," and if so, Mr.
18 Swanson asks for the same information required by item 4, above. The Court concludes that
19 this request is akin to a request for notice of evidence of uncharged misconduct, which might be
20 admissible under Federal Rule of Evidence 404(b). The Court denies the request at this time.
21 Although no trial date has been set, the Court HEREBY ORDERS that the Government shall
22 disclose any evidence that it contends is admissible under Rule 404(b) by no later than seventy
23 (70) days before trial, so that the Defendants may prepare motions in limine challenging the
24 admission of such evidence well in advance of this Court's pretrial filings deadlines.

## CONCLUSION

26 For the foregoing reasons, Defendants' motions for bills of particulars are GRANTED
27 IN PART AND DENIED IN PART. The Government shall provide the particulars required by
28 this Order by no later than October 25, 2010. If the Government requires additional time, it

6

1 must submit a request to the Court demonstrating good cause for any extension. This matter
2 remains on calendar on October 28, 2010, and the parties shall be prepared to address whether
3 the time between the entry of this Order, that date, and any future appearance should be
4 excluded from the Speedy Trial Act calculation.

**IT IS SO ORDERED.**

Dated: October 14, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE