UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff(s),<br><br>    v.<br><br>SCOTT ERIC FEIL,<br>DIANA EVANGELINE FEIL,<br>STEVEN ARTHUR SWANSON,<br>THOMAS LEE CARTER,<br>BRETT BASSIGNANI,<br><br>        Defendant(s). | No. CR 09-0863 JSW (BZ)<br><br>**ORDER DENYING DEFENDANT SCOTT FEIL'S MOTION FOR JUDICIAL REVIEW OF AGENT PERSONNEL FILES** |

Defendant Scott Feil's motion for judicial review of agent personnel files, in which other defendants have joined, is **DENIED**. Defendant has made no showing that the Government is unaware of its obligations under Brady, Giglio, Henthorn and related cases and the Court is not willing to assume that the Government will not meet is obligations consistent with whatever pretrial schedule Judge White orders.

As support for its proposition that the Court should review files in camera, defendant relies on U.S. v. Henthorn, which holds that the Government must disclose information

1

1  favorable to the defense when defendant requests the personnel
2  files of testifying federal law enforcement officers.  931
3  F.2d 29, 30-31 (9th Cir. 1991).  When the Government is
4  "uncertain about the materiality of information within its
5  possession, it may submit the information to the trial court
6  for an in camera inspection and evaluation."  931 F.2d at 31
7  (quoting U.S. v. Cadet, 727 F.2d 1453, 1467-68 (9th Cir.
8  1984)).  Thus, contrary to defendant's arguments, Henthorn
9  does not stand for the proposition that defendant is currently
10 "entitled to have the [G]overnment produce for the Court's in
11 camera review any materials that are potentially responsive"
12 to his requests.  Memorandum in Support of Motion at 1.
13     At this time, the Court is not prepared to assume that
14 the Government will not comply with its obligations under
15 Henthorn and related cases when ordered to do so by Judge
16 White.  The Government asserts it has already requested all
17 Henthorn materials for the five federal law enforcement
18 officers identified by defendant.  See Helou Declaration at ¶
19 2.  After Judge White asks the parties to formally identify
20 any officers that will testify at either an evidentiary
21 hearing or trial, which has not yet happened, the Government
22 must comply with Henthorn.  To the extent that defendant has
23 alerted the government of concerns about specific officers,
24 the Court expects the government to be especially careful in
25 reviewing those officers' files.  If the Government is unsure
26 about the materiality of any documents, it may then submit
27 them to this Court for an in camera inspection.  The legal
28 authority, arguments, and evidence submitted by defendant in

2

1  connection with his motion have not persuaded this Court that
2  these standard procedures under <u>Henthorn</u> should not be
3  followed and that the Court should proceed with an in camera
4  review of all personnel files at this stage of the
5  proceedings.  Accordingly, defendant's motion is **DENIED**.[1]

6  Because defendant's motion is denied, his administrative
7  motion for the Court to seal and review in camera his
8  counsel's declaration, including exhibits 6 to 13, is denied
9  as moot.  If defendant wishes, he may retrieve this
10 declaration and exhibits from chambers by **March 16, 2011**.
11 Otherwise, the Court will dispose of them.

12 Dated: March 8, 2011

13 _____
14 Bernard Zimmerman
   United States Magistrate Judge

15 G:\BZALL\-REFS\USA V. FEIL\ORDER RE JUDICIAL REVIEW OF AGENT PERSONNEL FILES (2).wpd

---

[1] Defendant also seeks that if his motion is denied that a copy of all agent personnel records are sealed and made part of the record to ensure adequate appellate review. Defendant fails to city any authority for this request and it is therefore denied.

3