**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SCOTT ERIC FEIL,<br>DIANA EVANGELINE FEIL,<br>MARK LEONARD GARCIA,<br>STEVEN SWANSON, AND<br>THOMAS LEE CARTER<br><br>　　　　Defendants.<br>_____/ | No. CR 09-00863-1 JSW<br>No. CR 09-00863-2 JSW<br>No. CR 09-00863-3 JSW<br>No. CR 09-00863-4 JSW<br>No. CR 09-00863-6 JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION FOR: (1) PROMPT DISCLOSURE OF BRADY, JENCKS, 404(b), AND OTHER MATERIAL AND DENYING JOINT MOTION TO STRIKE OR TO MAKE FACTUAL FINDINGS THAT DEFENDANTS' PROPERLY SUPPORTED FACTS ARE TRUE** |

　　　　Now before the Court for consideration is the Joint Motion for Prompt Disclosure of *Brady*[1], Jencks[2], 404(b)[3] and Other Material and the Motion to Strike or to Make Factual Findings that Defendants' Properly Supported Facts are True, filed by Defendants Scott Eric Feil, Diana Evangeline Feil, Mark Leonard Garcia, Steven Swanson, and Thomas Lee Carter (collectively "Defendants"). (Docket Nos. 458, 499).

---

　　[1]　　*Brady v. Maryland*, 373 U.S. 83 (1963).

　　[2]　　18 U.S.C. § 3500.

　　[3]　　Federal Rule of Evidence 404(b).

The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. Accordingly, the hearing scheduled for April 14, 2011 on this motion is VACATED.

As a threshold matter, Defendants' motion to strike is DENIED. The challenged factual statements were not necessary to the resolution of this motion. Further, the Court did not review the materials submitted by the Government on the CD-Rom to which Defendants' object, because Defendants' allegations regarding statements made to Mr. Garcia were not necessary to the resolution of the motion.[4] However, the tenor of the briefs that have been filed in connection with this motion and others, requires this Court to place all counsel - for the defendants and for the Government - on notice that it expects the parties to engage with one another in a civil and professional fashion. The Court also expects to see that civility reflected in their written submissions and will not tolerate the parties' and counsel casting aspersions on one another. Therefore, all derogatory adverbs and adjectives shall be prohibited in any further written submissions in this case. All parties are HEREBY PLACED on notice that the Court will strike any future briefs from the record that it concludes do not comport with its expectations. The Court expects the same level of civility and professionalism at court appearances. Thus, it would behoove all parties to focus their energies on moving this case toward a final disposition.

In their motion, Defendants ask the Court to order the Government to produce five categories of materials "within 7 days of the Court's Order." Defendants' request for immediate disclosure is DENIED. The Court is willing to grant Defendants' request to set a firm pretrial deadline for disclosure of the other materials identified in Defendants' motion, however any such deadline will be tied to a trial date. Based on the obvious scorched earth manner in which the parties are litigating this case, the Court's willingness to defer setting a trial date has come to an end. Accordingly, the parties shall be prepared to set a trial date on

---

[4] If Mr. Garcia, or any other Defendant, believes that some remedial action is necessary regarding Agent Burkhart's alleged conduct, they should file the appropriate motion with the Court.

2

April 14, 2011. If the parties are not prepared to set a date certain for trial, the Court shall set a date without further input from the parties.

The Court now addresses the specific categories of materials for which Defendants seek disclosure.

### 1. *Brady/Giglio*[5] **Material.**

The Government does not dispute its obligations to disclose *Brady* materials, and it is evident that the parties cannot agree on when disclosure should be made such that the Defendants may use such material effectively. The Court concludes that disclosure is not required at this time. However, as set forth above, the Court is to set a deadline by which the Government must disclose all material required by *Brady* and its progeny prior to trial, such that Defendants may use that material effectively. Further, the Court is inclined to adopt procedures similar to those used by Judge Alsup in *United States v. Cerna*, 633 F. Supp. 2d 1053, 1062-63 (N.D. Cal. 2009). That is, to the extent there are no issues as to witness safety or retaliation, the Court would require the Government to disclose all non-Jencks *Brady* material sixty days prior to trial.

### 2. Rule 404(b) Material.

The Court already has ordered the Government to disclose any evidence that it contains is admissible under Federal Rule of Evidence 404(b) seventy (70) days prior to trial. (Docket No. 251 (Order Granting in Part and Denying in Part Motions for Bills of Particulars re Superseding Indictment at 6:21-24.) The Court shall clarify in this Order, that the disclosure required shall encompass any uncharged misconduct evidence that the Government may view as direct evidence of the charged crimes or that it would seek to admit on the theory that it is "inextricably intertwined" with the underlying charges. *See, e.g., United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004). With the exception of this clarification, the Court sees no reason to modify the deadline set in its previous order.

---

[5] *Giglio v. United States*, 405 U.S. 150 (1972).

**3.    Jencks Act Material.**

Defendants request immediate disclosure of all Jencks Act material. That request is DENIED. It is this Court's general practice to strongly urge the Government to disclose all Jencks material at least two weeks prior to the trial date, so as to avoid trial delays. Barring a stipulation from the parties on this issue, the Court finds no basis to deviate from its general practice in this case.

**4.    Informant Information.**

The Defendants have filed a separate motion for disclosure of confidential informants, and the Court shall address its ruling on that issue by way of a separate order.

**5.    Percipient Witness Information.**

Under this Court's Guidelines for Criminal Jury Trials, the parties are required to submit witness lists with the filings that are due two weeks before the pretrial conference. In *United States v. Grace*, the Ninth Circuit affirmed a district court's order requiring the Government to submit a final witness list well in advance of the trial date. *United States v. W.R. Grace*, 526 F.3d 499, 513 (9th Cir. 2008). Defendants have not demonstrated to this Court that this Court should alter the deadlines set forth in its Guidelines for Civil Jury Trials. Accordingly, at this time, the Government shall not be required to disclose the identities of its percipient witnesses until two weeks prior to the pretrial conference date.

**IT IS SO ORDERED.**

Dated:  April 11, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE