**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT ERIC FEIL,<br>DIANA EVANGELINE FEIL,<br>MARK LEONARD GARCIA,<br>STEVEN SWANSON, AND<br>THOMAS LEE CARTER<br><br>Defendants. | No. CR 09-00863-1 JSW<br>No. CR 09-00863-2 JSW<br>No. CR 09-00863-3 JSW<br>No. CR 09-00863-4 JSW<br>No. CR 09-00863-6 JSW<br><br>**ORDER RESOLVING JOINT MOTION FOR DISCLOSURE OF INFORMANTS AND DENYING MOTION TO STRIKE**<br><br>**(Docket Nos. 434, 474)** |

**INTRODUCTION**

Now before the Court for consideration is the Joint Motion for Disclosure of Informants filed by Defendants Scott Eric Feil, Diana Evangeline Feil, Mark Leonard Garcia, Steven Swanson, and Thomas Lee Carter (collectively "Defendants"). (Docket Nos. 434.) Also before the Court for consideration is the Government's Motion to Strike Portions of the Declaration of Paul Gabbert and related portions of the joint motion for disclosure of informants. (Docket No. 474).

The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motions suitable for disposition without oral argument. Accordingly, the hearing scheduled for April 14, 2011 on these motions is VACATED. All parties, however, shall appear for purposes of a status conference on that date.

**ANALYSIS**

**A.     Evidentiary Objections.**

The Government objects and moves to strike the following portions of Defendants' opening brief: 9:9-21, 9:26-10:24, 14:20-21, and 17:28-20:19. The Government also objects to and moves to strike Exhibits 6, 8-9, 15,19, 20-21 and 3-5, 10, 15-20 of the Sealed Gabbert Declaration.

As set forth below, the issue in this case is whether the Defendants have made a minimal threshold showing of need for the disclosure of the identities of informants. These exhibits, the paragraphs of the Sealed Gabbert Declaration, and the cited portions of the brief pertain to Defendants' argument that information about the informants would be relevant and helpful to the defense and to their anticipated *Franks* motion.[1] *See United States v. Kiser*, 716 F.2d 1268, 1271 (9th Cir. 1983). Defendants argue that, in the context of this motion, the evidence is not offered for the truth of the statements contained therein, and the Court has not accepted those statements as true. Rather, it has considered this evidence solely to determine whether Defendants have made the requisite showing that would entitle them to an *in camera* hearing regarding the identity of the informants or disclosure of the identities of the informants.

Accordingly, the Government's motion to strike is DENIED and the objections are overruled. When, and if, Defendants file their *Franks* motion, the Court's rulings are without prejudice to the Government renewing its objections in connection with that motion.

**B.     Applicable Legal Standards on Motion for Disclosure.**

"The government has a limited privilege to withhold an informant's identity." *United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993) (citing *Rovario v. United States*, 353 U.S. 53, 59 (1957)). When determining whether to grant a motion to disclose the identity of an informant, a court must balance "(1) the extent to which disclosure would be relevant and helpful to the defendant's case, and (2) the government's interest in protecting the identity of a particular informant. In [making this determination,] the court must consider 'the public interest in protecting the flow of information against the individual's right to prepare his

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

defense.'" *Id.* "The burden of proof is on the defendants to show need for the disclosure." *United States v. Sai Keung Wong*, 886 F.2d 252, 256 (9th Cir. 1989). Moreover, "'a mere suspicion that the information will prove helpful will not suffice' to demonstrate a need for disclosure." *United States v. Rowland*, 464 F.3d 899, 909 (9th Cir. 2006) (citing *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990)); *see also United States v. Williams*, 424 F.2d 1056, 1056 (9th Cir. 1970).

Disclosure of an informant's identity may be necessary when the informant participated in, or instigated the charged crime. *Rovario*, 353 U.S. at 65. Similarly, disclosure may be necessary where probable cause for a search was based solely on the information provided by the informant and the constitutionality of the search is at issue. *See id.* at 61 (explaining that most cases where the court finds it necessary to disclose an informant's identity "have arisen where the legality of a search without a warrant is in issue and the communications of an informer are claimed to establish probable cause.") (citations omitted); *see also Kiser*, 716 F.2d at 1271 (concluding that "the limited right of disclosure announced in *Roviaro* and *McCray [v. Illinois*, 386 U.S. 300 (1967)] is consistent with the challenge to the warrant affidavit permitted under *Franks*" and holding that "a defendant who claims the affidavit misrepresents or invents information supplied by a confidential informant is, in some instances, entitled to a *Franks* hearing").

The Ninth Circuit has held that a district court abuses its discretion if it does not hold an *in camera* hearing on disclosure where the defendant makes a "minimum threshold showing" that disclosure of the informant's identity would be relevant and helpful to a possible defense at trial. *Spires*, 3 F.3d at 1238-39. The Ninth Circuit also held that an *in camera* hearing is not necessary where the potential defense fails to explain all of the evidence against the defendant. *United States v. Henderson*, 241 F.3d 638, 646 (9th Cir. 2001).

**C. Defendants' Motion For Immediate Disclosure of Information Relating to Informants Other than CS-1 and SOI-1 Is Denied.**

In *Rovario*, a defendant was convicted of selling heroin based on a transaction set up and executed by the government's informant. *Id.* at 55. The Supreme Court held that the

3

1 informant's identity was necessary for the defendant to present a fair defense because, other
2 than the defendant and the officers, the informant was the sole participant in and sole witness to
3 the charged crime. *Id.* at 64. In contrast, disclosure of an informant's identity generally is not
4 necessary where the informant did not participate in the crime, is not the sole witness to the
5 crime, and probable cause is not at issue. *See Rowland*, 464 F.3d at 909; *Williams*, 424 F.2d at
6 1056.

7 In *Rowland*, an informant notified drug enforcement agents of a plan to smuggle
8 methamphetamine from Hawaii to Guam. 464 F.3d at 902. The court held that disclosure of
9 the informant's identity was not necessary because the informant did not participate in the
10 crime, the truth of the informant's testimony was not specifically challenged, and mere
11 suspicion that identification of the informant might help the defense is not sufficient "to go on a
12 fishing expedition into the informant's background." *Id.* at 909. Similarly, in *Williams*, the
13 court held that disclosure of an informant's identity was not necessary where the informant did
14 not participate in the crime and the only reason for disclosure was the speculative assertion that
15 the informant would be useful to impeach other testimony. 424 F.2d at 1058.

16 In this case, Defendants have failed to make a minimum threshold showing that the
17 identities of unspecified government informants are relevant and helpful to a possible defense at
18 trial. Accordingly, the Court finds that they have not satisfied their burden to show an *in*
19 *camera* hearing is necessary or that immediate disclosure of the identities of any other
20 confidential informants is warranted.

21 Defendants' motion is DENIED IN PART on this basis. However, if the Government
22 intends to call confidential informants at trial, unless the Government can establish a good faith
23 basis that there are reasons disclosure should be delayed, the Government shall disclose their
24 identities and make these witnesses available for defense interviews (if the witnesses so choose)
25 at the time the pretrial conference filings are due.[2]

26

27 [2] The Government makes generalized arguments regarding the need to preclude
disclosure for safety purposes. (Docket No. 475, Opp. Br. at 5:16-6:21.) However, the
28 Government has not put forth any evidence that any defendant in this case has threatened any
potential witness.

4

The Court's Order Granting in Part and Denying in Part Defendants' Joint Motion for Disclosure of *Brady* Material, issued on April 11, 2011, shall govern the timing of disclosure of any material that should be disclosed under *Brady/Giglio* and the Jencks Act.

### 2. The Court Concludes that Defendants Have Not Made a Minimum Threshold Showing that an *In Camera* Hearing Regarding the Identity of CS-1 and SOI-1 or that Disclosure is Warranted At this Time.

Pursuant to *Roviaro* and *Kiser*, Defendants also seek information about persons that have been identified as CS-1 and SOI-1. In *Kiser*, the Ninth Circuit reiterated that "[t]o show entitlement to a *Franks* hearing," which the Defendants state they intend to seek in this case, a defendant must make allegations that specific portions of a warrant are false, that the affiant falsified those portions deliberately or with reckless disregard for the truth, and that the challenged statements are necessary to a finding of probable cause. *Kiser*, 716 F.2d at 1271. The Ninth Circuit also noted that a defendant must make an offer of proof, preferably supported by affidavits, that challenges the veracity of the *affiant*, "not that of his informant." *Id.*

Defendants contend, based on information and belief, based on their investigation and the discovery provided by the Government, they believe they know the identities of CS-1 and SOI-1. (Under Seal Declaration of Paul Gabbert, ¶¶ 3, 15.)[3] In *Kiser*, the Ninth Circuit stated that if a defendant met his or her burden to obtain an *in camera* hearing regarding the identity of a confidential informant, and if that defendant had correctly identified the informant, "the *ex parte, in camera* hearing must be extended. Its purpose should be to determine if [the defendant] is entitled to an open evidentiary hearing" on a *Franks* claim.

Here, Defendants have not yet filed their *Franks* motion, so this Court does not have a full record on which to evaluate Defendants' contentions that Agent Burkhart's alleged deliberate or reckless failure to include information that ultimately relates to his assertions about purported reliability of CS-1 and SOI-1 would be material to the probable cause determination. In their Reply brief, the Defendants also contend that information about CS-1

---

[3] Defendants do not set forth any further specifics about the specific information on which they have relied or on which they base their belief. Nor have they submitted any declarations from the suspected confidential informants to support their argument that these two persons are, in fact, the persons identified as CS-1 and SOI-1.

and SOI-1 is necessary to preparation of their anticipated *Kastigar* motion. Again, Defendants have yet to file that motion.

The Court concludes that, at this time, Defendants have not made a minimal threshold showing that an *in camera* hearing as to the identities of these informants is required and that their request for disclosure in connection with the anticipated *Franks* and *Kastigar* motions is premature. The Court's ruling is without prejudice to the Defendants renewing their request for an *in camera* hearing and disclosure at the time they file their *Franks* and *Kastigar* motions.

**D.     Defendants' Specific Requests.**

In opposition to the motion, the Government has agreed to provide some - but not all - of the specific information requested by Defendants. The Court shall not order immediate disclosure of any of these materials. Further, to the extent this information should be produced in advance of trial, the parties are HEREBY ORDERED to meet and confer in person to resolve any remaining disputes about these requests.

To provide the parties with guidance during the meet and confer process, any material that would be required to be produced under *Brady, Giglio* or Jencks, shall be produced in accordance with the deadlines set in this Court's Order granting in part and denying in part Defendants' motion for disclosure of those materials.

If the parties are unable to resolve their disputes, they shall submit a joint statement to the Court identifying the specific requests for which they were unable to reach agreement. The parties have set forth their legal positions on these requests in connection with the motion for disclosure. Accordingly, the parties shall not submit further argument in their joint statement. This joint statement shall be due by May 5, 2011.

**IT IS SO ORDERED.**

Dated: April 13, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

6